## 6 East 53rd St. Corp., Landlord, v. Clara Olin, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, December 17, 1951.

*Irving J. Seaver* for landlord.

*Lester B. Lipkind* for tenant.

Genung, J. This is a summary proceeding to recover possession of the westerly portion of the second floor of premises 6 East 53rd Street, in the borough of Manhattan, city of New York, pursuant to subdivision (k) of section 8 of the Business Rent Law, and subdivision (k) of section 8 of the Commercial Rent Law. (L. 1945, chs. 3, 314, as amd.) This type of proceeding has been commonly referred to as a matched-lease proceeding; the tenancy herein being statutory.

The landlord adduced evidence that on June 12, 1951, it entered into a certain lease with a corporation known as LeBoff's, Inc., for the same space occupied by the tenant, for a term of ten years at an annual rental of $6,500. Thereafter, by written offer, the landlord offered to execute the same lease with the tenant in possession, and forwarded with its offer copies of the lease previously executed with LeBoff's, Inc., and a proposed lease containing the same terms and conditions, which it offered to consummate with the tenant in possession. The tenant did not execute the lease within thirty days after having received the landlord's offer, as a result of which this proceeding was commenced.

The question involved is whether the landlord may bring a holdover proceeding against a tenant occupying premises on

the first floor above the street level if the recovery of such premises is not sought in conjunction with the recovery of the street level premises. In this case, it is conceded that no recovery of the street level premises is being sought.

Despite diligent search and effort on the part of respective counsel, and the independent research of this court, no case has been cited on the precise point, and resort must, therefore, be had to an interpretation of the 1951 amendments (L. 1951, chs. 430, 431) bearing in mind the intent of the Legislature, and the situation to be corrected. The 1951 amendments read as follows: " As used in this subdivision the word ' store ' shall mean business space at street level and two floors above and below street level used or to be used and/or occupied or to be occupied by a tenant for the sale of personal property and/or the rendition of services in the ordinary course of business."

A reference to the report of March 8, 1951, of the Temporary State Commission to Study Rents and Rental Conditions reveals that it was the intention of this amendment to classify two floors above and below street level as stores so that a large single unit could be assembled for future rental. The previous section of the law had classified stores as being those only at street level. The language of the commission is as follows: " The Commission, therefore, recommends an amendment to the 1949 ' Store ' provision, which it believes will give meaning to the purpose originally intended. First, the proposed change will reduce to $6,000 the minimum rental at which space to be used as a store becomes subject to the provisions of subdivision (k). The amendment, likewise, will permit the renting of any commercial or business space located at street level and two floors above and below street level, thus making it possible to assemble space unavailable under existing law in order to accommodate tenants capable of rehabilitating properties and neighborhoods to the advantage of the City, the State, the prospective tenant and the owner of the building. It will include stores at street level used for manufacturing and storage purposes. "

In addition to the above, the use of the conjunctive " and " in the phrase " business space at street level and two floors above and below street level " indicates that for such upper level space to be the subject of such proceeding it must be part of a unit which includes street level space.

Were this court to uphold the landlord's contention, individual tenants on the first and second floors, above or below street level, would be completely at the mercy of the landlord in this type

of a proceeding. In the absence of a clear and definite statement by the Legislature, this court cannot uphold such a contention.

The tenant is entitled to a final order against the landlord dismissing the precept and petition.